IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MARTIN HERNANDEZ,<br>Institutional ID No. 2132228,<br>SID No. 6509100,<br><br>    Plaintiff,<br><br>v.<br><br>LUBBOCK POLICE DEPARTMENT,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:18-CV-254-BQ |

## REPORT AND RECOMMENDATION

Proceeding pro se and *in forma pauperis*, Martin Hernandez filed this action under 42 U.S.C. § 1983 complaining of events alleged to have occurred in connection with his August 22, 2015, arrest. Compl., at 4 (ECF No. 1). Specifically, Hernandez asserts that an officer with the Lubbock Police Department used excessive force by shooting him in the eye. *Id.* Hernandez seeks monetary damages for his injury. *Id.*

Hernandez filed his Complaint on October 18, 2018, and the United States District Judge subsequently transferred this case to the undersigned United States Magistrate Judge for further proceedings. ECF No. 8. The undersigned thereafter reviewed Hernandez's Complaint and authenticated records from the City of Lubbock, and ordered Hernandez to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). Hernandez timely completed and returned the questionnaire.[1] ECF No. 12.

---

[1] The court did not find the holding of a *Spears* hearing to be practical due to Hernandez's current facility assignment.

1

Hernandez has not consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned enters this Report and recommends that this action be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.   Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical or other prison records if they are adequately identified and authenticated").

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements

of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II.   Discussion

### A.   Hernandez's Allegations

In his Complaint, Hernandez named the Lubbock Police Department (LPD) as the sole Defendant. Compl., at 3–4 (ECF No. 1). Through his responses to the court's questionnaire, Hernandez clarified that he intends to sue the LPD officer involved in the alleged incident, but does not know the officer's name. Questionnaire, at 1 (ECF No. 12). Hernandez did, however, provide identifying information about the officer. *See id.* Hernandez contends that on August 22, 2015, the unknown LPD officer "shot [him] in the face resulting in losing [his] left eye." Compl., at 4. Hernandez seeks monetary damages for his injury. *Id.*

### B.   Hernandez's § 1983 Excessive Force Claim is Time-Barred and Should Be Dismissed

The statute of limitations for a § 1983 claim is two years. *Morrill v. City of Denton*, 693 F. App'x 304, 305–06 (5th Cir. 2017) (noting the statute of limitations for a § 1983 action in Texas is two years from the date the cause of action accrues); *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) (holding Texas's statute of limitations period for torts "requires a claim to be brought no later than the same calendar day two years following the accrual of the cause of action"). Generally, "a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price*, 431 F.3d at 893 (internal quotation marks omitted) (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)). In the context of excessive force claims, the statute of limitations accrues on the date of the alleged injury.

*See id.*; *Fletcher v. Jasper Police Dep't*, Civil Action No. 1:09–CV–977, 2012 WL 5878807, at *3 (N.D. Tex. Oct. 18, 2012) (holding that plaintiff's claims for excessive force in connection with her arrest accrued the day defendants arrested her).

Assuming, without deciding, that Hernandez has alleged a cognizable § 1983 claim based on the LPD officer's alleged use of force, his claim is barred by the statute of limitations. *See Morrill*, 693 F. App'x at 305–06. Hernandez asserts that on August 22, 2015, the LPD officer used excessive force which ultimately caused him to lose his left eye.[2] Compl., at 4; Questionnaire, at 1. The two-year limitations period therefore began to run no later than August 22, 2015—the moment Hernandez became aware that he had suffered an injury. *See Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)) (explaining that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured'"). Hernandez did not file suit, however, until October 18, 2018—over one year after the two-year limitation period expired.

Although Hernandez contends in his questionnaire responses that the statute of limitations should be tolled, he has not provided specific facts showing he is entitled to such relief. Hernandez generally posits that his "injury caused [him] deep phycological [sic] problems [and] grief . . . [s]o that [he] was unable to even think clearly, or see clearly." Questionnaire, at 3. He further argues that his criminal defense lawyer told him he did not "qualify" for filing a civil action, and due to his incarceration, he could not obtain a lawyer to pursue his claim. *Id.*

---

[2] Hernandez did not provide specific details concerning the officer's alleged conduct. He merely alleges that the officer "shot [him] in the face resulting in losing [his] left eye." Compl., at 4. The authenticated records show that after Hernandez failed to comply with officers' orders to drop a bat and knife from his hands, an LPD officer fired several rounds from a "bean bag shotgun." Taken together, Hernandez's allegations and the records show that he was struck in the face with a bean bag—not a bullet.

While not specifically raised by Hernandez, the court notes that any detention or incarceration Hernandez experienced before or after the incident does not provide a basis for tolling the statute of limitations. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) ("[U]nder Texas law imprisonment does not toll limitations."). Moreover, Hernandez has not pleaded sufficient facts showing that he is entitled to equitable tolling of the limitations period because of a "legal disability." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a) (West 2018) ("[A] person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). While the Texas Civil Practice and Remedies Code does not define "unsound mind," the term has generally "been interpreted to mean that such a person is unable to manage his affairs or to understand his legal rights or liabilities." *Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987) (quoting *Allen v. Powell's Int'l, Inc.*, 518 P.2d 588, 589 (1974)); *see also Althouse v. City of Dall. Police Dep't*, No. 3:02–CV–0193–P, 2003 WL 22227873, at *3 (N.D. Tex. Sept. 25, 2003) ("Although the Texas Civil Practice and Remedies Code does not define 'unsound mind,' the Texas courts have relied on Tex. Prob. Code Ann. § 3(y) which defined persons of unsound mind as 'persons non compos mentis, mentally disabled persons, insane persons, and other persons who are mentally incompetent to care for themselves or manage their property and financial affairs.'"). To prevail on an unsound mind tolling theory, a plaintiff must "produce either (1) specific evidence that would enable the court to find that he 'did not have the mental capacity to pursue litigation' or (2) a fact-based expert opinion to that effect." *Orlando v. Sakaguchi*, Civil Action No. 4:14–CV–951–O, 2015 WL 1292955, at *3 (N.D. Tex. Mar. 23, 2015) (quoting *Freeman v. Am. Motorists Ins. Co.*, 53 S.W.3d 710, 713 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). Under Texas law, "a person claiming to have been under a legal disability must establish that he was under a disability at the time his cause of action accrued."

*Nelson v. Reddy*, 898 F. Supp. 409, 410 (N.D. Tex. 1995) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.001(b), (d)).

At the outset, the court observes that Hernandez does not assert that he was suffering from an unsound mind at the time of the alleged incident—i.e., the date the cause of action accrued. *See* Questionnaire, at 3 (alleging that his injury caused him psychological problems—not that he suffered psychological problems at the time of the incident). For this reason alone, Hernandez cannot establish he is entitled to equitable tolling. *See, e.g.*, *Helton*, 832 F.2d at 336 (noting that plaintiff's "mental disability did not arise until several months after his termination"; therefore, the district court properly held "his claim was barred as a result of sections (b) and (d) of the tolling statute").

In addition, Hernandez's vague contention that he suffered psychological problems as a result of his injury is conclusory and insufficient to support a finding that he suffered a "legal disability" that rendered him unable to manage his legal affairs. *See, e.g., id.* (holding that "facts alleged by [plaintiff] do not show that his psychological depression rendered him unable to manage his affairs or comprehend his legal rights, only that it distracted him from pursuing his cause of action"); *Orlando*, 2015 WL 1292955, at *4 (dismissing plaintiff's claim as time-barred where his "brief statement that he suffered from psychological depression that rendered him unable to understand his legal rights is not sufficient to support a finding that he was suffering from a 'legal disability'" and therefore entitled to tolling); *Nelson*, 898 F. Supp. at 411 (explaining that even accepting as true plaintiff's "statement that he was under the care of mental health professionals and received drug therapy" at the time his claim accrued, such "factors d[id] not establish that he was a person of 'unsound mind' consonant with the Texas state courts' interpretation of this term").

In sum, Hernandez has not pleaded facts demonstrating that he is entitled to equitable tolling, and his claim is therefore barred by the statute of limitations. *See Orlando*, 2015 WL 1292955, at *4 (citing *Nelson*, 898 F. Supp. at 410–11) ("When considering allegations of 'unsound mind' under Tex Civ. Prac. & Rem. Code Ann. § 16.001, this Court may deem such allegations to be frivolous under the screening provisions of § 1915."). Accordingly, the district court should dismiss Hernandez's Complaint. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that when the allegations in the pleadings "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (explaining that a court may summarily dismiss a prisoner complaint if it is "clear" that the claims asserted are barred by the statute of limitations).

### III.   Recommendation

Because Hernandez's claim is barred by the statute of limitations, and he has not demonstrated he is entitled to equitable tolling, the undersigned recommends that the United States District Court dismiss Hernandez's Complaint and all claims therein with prejudice in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### IV.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: February 25, 2019

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**